UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO;<br>CARLENA TAPELLA,<br><br>    Defendants. | No. 2:18-cv-2447-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Several motions are pending in this action, which are addressed herein[1]:

1. Defendant Carlena Tapella's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e) (ECF No. 6);

2. Tapella's motion to strike under the anti-SLAPP (Strategic Lawsuit Against Public Participation) provisions set forth in California Civil Procedure Code section 425.16 (ECF No. 7);

3. Plaintiff's motions for injunctive relief (ECF Nos. 20 & 22);

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1.    4. Plaintiff's motions to amend the complaint (ECF Nos. 23, 24, 33)[2];

2.    5. Tapella's motion to strike and/or dismiss plaintiff's first and second amended complaints (ECF No. 26);

3.    6. Also pending is the court's January 7, 2019 order directing plaintiff to show cause why sanctions should not be imposed for failure to timely respond to defendant Tapella's motions to dismiss and to strike under California's anti-SLAPP statute. ECF No. 11.

For the following reasons, the order to show cause is discharged and no sanctions are imposed. Further, it is recommended that Tapella's motion to dismiss be granted and the remaining motions be denied.[3]

I.    Order to Show Cause

Defendant Tapella originally noticed for hearing on October 22, 2018, her motions to dismiss and to strike under California's anti-SLAPP statute. In violation of Local Rule 230(c), plaintiff failed to timely respond to the motions. Accordingly, the hearing on the motions was continued and plaintiff was ordered to show cause why sanctions should not be imposed for his failure to timely respond to the motions. ECF No. 11. Plaintiff was also ordered to file an opposition or statement of non-opposition to the pending motions.

In response, plaintiff filed a document entitled "Cause of Action," which contains additional factual allegations related to plaintiff's claims. ECF No. 13. Plaintiff's filing does not respond to the arguments raised in Tapella's motion, nor does it show cause why sanctions should not be imposed for his failure to file an opposition or statement of non-opposition to the pending

---

[2] After defendant Tapella's motions to dismiss and to strike under California's anti-SLAPP statute were fully briefed and submitted for decision, plaintiff filed a first amended complaint. ECF No. 24. Shortly thereafter, he filed a second amended complaint (ECF No. 25), which Tapella has moved to strike and/or dismiss (ECF No. 26). Plaintiff has since filed a third amended complaint. ECF No. 33. The court construes plaintiff's amended complaints as motions for leave to amend the complaint.

[3] Because the court determined that oral argument would not be of material assistance to the court in resolving Tapella's motions, they were submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g). ECF Nos. 18 & 28. Plaintiff failed to notice his motions for hearing in violation of Local Rule 230(c). Nevertheless, the court finds it appropriate to resolve each motion on the briefs and without oral argument.

motions. *Id*. Nevertheless, in light of plaintiff's pro se status, the order to show cause is discharged without the imposition of sanctions.

II. Defendant Tapella's Motion to Dismiss

A. Background

This action arises out of state court conservatorship proceedings commenced by the Public Guardian of Sacramento County ("Public Guardian") seeking the appointment of a conservator for Teruko Selck, plaintiff's mother. ECF No. 1. Plaintiff alleges that defendant County of Sacramento (the "County") obtained guardianship over his mother and placed her in a care facility where she is not receiving adequate medical care. *Id*. at 8. He also claims that the County, through the appointed conservator, has withdrawn money from Ms. Selck's bank accounts and prevented her from transferring to plaintiff the deed of trust for her home. *Id*. at 7. He further alleges that the County unlawfully seized his family's assets and imprisoned him and his mother against their will. *Id*.

State court records reflect that in May 2018, the Public Guardian filed a petition seeking to be appointed as the conservator for Ms. Selck. ECF No. 6-4 at 2-12.[4] Defendant Tapella was appointed as counsel to represent Ms. Selck in the conservatorship proceedings. *Id*. at 15-16. In July 2018, the state court granted the petition and appointed the Public Guardian as conservator for Ms. Selck. *Id*. at 24-25. The state court also granted the conservator the power to sell her personal property and home. *Id*. Plaintiff, apparently dissatisfied with the outcome of the state court proceedings, filed this action against the County and Tapella, alleging claims styled as conversion of real property, abuse in process, malicious prosecution, real estate fraud, negligence, and malpractice. ECF No. 1 at 5, 9.

Tapella now moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 6-1.

/////

---

[4] Defendant Tapella's request for judicial notice of state court records is granted. *See* ECF Nos. 6-2 & 6-4; *see also, e.g., Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records [and] pleadings . . . .").

3

B. Rule 12(b)(1)'s Standards

A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id.* If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

/////

4

Conversely, a factual attack, often referred to as a "speaking motion," challenges the truth of the allegations in the complaint that give rise to federal jurisdiction and the court does not presume those factual allegations to be true. *Thornhill*, 594 F.2d at 733. Although the court may consider evidence such as declarations or testimony to resolve factual disputes, *id*.; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), genuine disputes over facts material to jurisdiction must be addressed under Rule 56 standards. "[W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

Here, Tapella advances a facial attack, arguing that the allegations of plaintiff's complaint demonstrate the absence of subject matter jurisdiction. ECF No. 9-1 at 10-13.

C.  Discussion

Tapella argues that the court lack subject matter jurisdiction because plaintiff's complaint only alleges state law claims but does not establish diversity jurisdiction over those claims. She further argues that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. ECF No. 6-1 at 10-13. As discussed below, it is clear from plaintiff's complaint that subject matter jurisdiction is lacking here.[5]

Although the complaint states that jurisdiction is based on "federal question," plaintiff only alleges state law claims. ECF No. 1 at 3; *see Baker v. Carr*, 369 U.S. 186, 198 (1962) (Federal question jurisdiction requires that the complaint arise under a federal law). Specifically, plaintiff claims that this case involves negligence, real estate fraud, medical and legal malpractice, and that he is "also suing for conversion of real estate property, abuse in process and malicious prosecution." ECF No. 1 at 5, 9. The complaint, however, fails to establish diversity of citizenship of the parties that could support diversity jurisdiction over his state law claims. *See*

---

[5] Because the complaint must be dismissed on this basis, the court does not reach the merits of Tapella's motion to strike under California's Anti-SLAPP statute.

*Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (plaintiff must specifically allege the diverse citizenship of all parties to invoke diversity jurisdiction). Instead, it alleges that plaintiff resides in Sacramento, California, and that he is a California citizen. ECF No. 1 at 1, 4. Because plaintiff's citizenship is the same as the County's, diversity jurisdiction is lacking. *See Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States.").

Moreover, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[6] The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4.; *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action).

It is clear from the complaint that plaintiff is seeking relief from state court rulings. Plaintiff specifically requests this court release his mother "from County Guardianship" and "[p]revent the order to sell [their] home and transfer [their] assets . . . ." ECF No. 1 at 7. He also requests that a state court order be modified to permit him and his mother access to their "real property interests." *Id*. He further alleges that the appointed conservator is denying him access to his property, and he requests modification of an order to allow him access to his property.[7] *Id*. at

---

[6] The malpractice claim against Tapella does not directly challenge the state court's orders and would therefore not be barred by the *Rooker-Feldman* doctrine. But that claim, if any, belongs to plaintiff's mother—who was represented by Tapella in the state court proceeding—and not plaintiff. Because plaintiff is not an attorney, he may not assert claims on his mother's behalf. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

[7] Plaintiff's other filings also support the conclusion that the instant action seeks to challenge state court orders. In a document entitled "Cause of Action," plaintiff states that he is seeking "adequate representation" for his mother and "an appeal from selling [their] assets." ECF

8. Thus, it is clear that plaintiff's complaint seeks to challenge in this court state court rulings, which is not permitted under the *Rooker-Feldman* doctrine.

Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. The dismissal should be without leave to amend given that the jurisdictional deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile). Indeed, plaintiff has filed additional proposed amended complaints that, as discussed further below, also demonstrate that jurisdiction is absent.

III.   Plaintiff's Motion to Amend the Complaint

After Tapella's motion to dismiss was fully briefed and submitted for decision, plaintiff filed a first amended complaint. ECF No. 24. Less than ten days later, he filed a second amended complaint (ECF No. 25), and more recently he filed a third amended complaint, ECF No. 33. The court construes the amended complaints as motions for leave to amend the complaint.[8]

Plaintiff filed his amended complaints more than 21 days after Tapella moved for dismissal under Rule 12(b). Consequently, he may only amend his complaint with defendant's consent or leave of court. Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying
/////

---

No. 13. Plaintiff also alleges additional claims against defendant Tapella which he seems to believe resulted in the state court's conservatorship judgment and specifically requests an appeal from the order as a remedy. *Id.* at 3.

[8] Tapella has moved to strike and/or dismiss the first and second amended complaints. ECF No. 26. As discussed herein, there is no basis for allowing plaintiff to amend his complaint. Accordingly, Tapella's motions are moot.

7

leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

The crux of the allegations in plaintiff's three amended complaints is that the appointed conservator has failed to ensure that plaintiff's mother has been properly cared for and received adequate medical care. ECF Nos. 24, 25, 33. However, like the instant complaint the amended complaints do not allege a federal claim or otherwise establishes a basis for subject matter jurisdiction. *Id.* Consequently, granting plaintiff leave to amend would be futile. Accordingly, his motions for leave to amend the complaint must be denied. *See Noll*, 809 F.2d at 1448.

IV. Defendant County of Sacramento

The sole remaining defendant, County of Sacramento, has not appeared in this action, much less moved for dismissal. Notwithstanding this fact, given the clear absence of jurisdiction over plaintiff's claims, *sua sponte* dismissal of the claims against the County is appropriate. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (court may dismiss claims *sua sponte* for lack of jurisdiction); *see also Qin Zhang v. Google*, Inc., 609 F. App'x 459 (9th Cir. 2015) ("[t]he district court properly dismissed [plaintiff's] claims *sua sponte* for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claims were a forbidden 'de facto appeal' of a prior state court judgment or were 'inextricably intertwined' with that judgment.").

V. Plaintiff's Motions for Injunctive Relief

Plaintiff has filed two motions seeking injunctive relief. The first, styled as a "Request for Federal Injunction of Sale and Deed Transfer of Property" seeks to enjoin the sale of his mother's home by the County Counsel Conservators. ECF No. 20. The second, entitled "Motion to Relieve Conservatorship under Rule 11," details injuries plaintiff's mother allegedly sustained at a care facility and requests, among other things, that his mother be permitted to attend church services and Tapella be ordered to provide plaintiff with various records. ECF No. 22.

Because plaintiff's claims must be dismissed for lack of jurisdiction, the court may not grant him injunctive relief. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction [only] if it has personal jurisdiction over

the parties and subject matter jurisdiction over the claim."). Accordingly, his motions for injunctive relief must be denied.

VI. Conclusion

Accordingly, it is hereby ORDERED that the January 7, 2019 order to show cause is discharged and no sanctions are imposed.

Further, it is hereby RECOMMENDED that:

1. Defendant Tapella's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) (ECF No. 6) be granted and all claims against her be dismissed for lack of subject matter jurisdiction;

2. Defendant Tapella's motion to strike under California's anti-SLAPP statute (ECF No. 7) and motion to strike and/or dismiss plaintiff's first and second amended complaints (ECF No. 26) be denied as moot;

3. Plaintiff's claims against defendant County of Sacramento be dismissed *sua sponte* for lack of subject matter jurisdiction;

4. Plaintiff's first, second, and third amended complaints, construed as motions for leave to amend (ECF Nos. 24, 25, 33), be denied;

5. Plaintiff's motions for injunctive relief (ECF Nos. 20 & 22) be denied; and

6. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9